# Commonwealth of Pennsylvania *v.* Arthur J. Scott, Appellant.

*Criminal law—Fornication and bastardy—Settlement of case by the mother.*

In fornication and bastardy cases the mother is not the only person interested, and consequently she has not the exclusive right to relieve the putative father from the maintenance of his offspring, and before or after conviction she has no power to contract in regard to the right of the guardians, directors or overseers of the poor who may be charged with the support of the child.

*Fornication and bastardy—Evidence—Release by mother.*

On the trial of a charge for fornication and bastardy, an offer of a contract between the prosecutor and her parents and the defendant, releasing him from all costs and charges and claims, was properly rejected as irrelevant and immaterial.

Argued April 25, 1898.    Appeal, No. 152, April T., 1898, by defendant, from sentence of Q. S. Allegheny Co., Sept. Sess., 1897, No. 707, on verdict of guilty.    Before RICE, P. J., WICKHAM, REEDER, ORLADY, SMITH and PORTER, JJ.    Affirmed. REEDER and SMITH, JJ., dissent.

Indictment for fornication and bastardy.  Before FRAZER, J. The facts sufficiently appear in the opinion of the court.

Verdict of guilty and sentence thereon.    Defendant appealed.

*Error assigned* was in sustaining objection to the following offer of evidence on the part of defendant, which offer and objection thereto are as follows: "Counsel for defendant offer in evidence a written article of agreement, dated the 3d day of December, 1896, between Maggie Springer, the prosecutrix, together with her parents, James and Rachel Springer,

and the defendant, wherein, for the consideration therein named, the case, then pending before S. G. Matchett, Esq., justice of the peace, was fully settled between the parties, before arrest of defendant, together with all claims and demands growing out of the same, the execution of said agreement being admitted by the commonwealth; to be followed by evidence that said agreement was drawn by the said justice of the peace, and said settlement made with his consent. Counsel for the commonwealth object to said offer as incompetent, irrelevant and immaterial."

*W. H. S. Thomson*, with him *Frank Thomson*, for appellant. —Under the Act of March 29, 1819, P. L. 266, an agreement of compromise is lawful with the consent of the justice: Maurer v. Mitchell, 9 W. & S. 69; Geier v. Shade, 109 Pa. 180; Stumpf's Appeal, 116 Pa. 33; Rohrheimer v. Winters, 126 Pa. 253.

*John S. Robb*, with him *R. H. McLarn*, for appellee.—The crime of fornication and bastardy is an offense against public morals and decency. It is not within the spirit of the act of assembly. The persons assuming to settle, both the prosecutrix and the defendant, are guilty of a misdemeanor. It is clear that the parties to the crime cannot be permitted to settle it.

All the cases cited in appellant's paper-book to sustain their contention are civil cases where reasonable settlements had been made, and since the act of 1860 a case that may be settled between the parties must be of a character for which there shall be a remedy by action. Hence fornication and bastardy is not such an offense as may be settled by the parties thereto.

OPINION BY ORLADY, J., July 29, 1898:

The defendant was indicted under section 37 of the act of March 31, 1860, P. L. 382, charging fornication and bastardy. On the trial the following offer was made: "Counsel for defendant offer in evidence a written article of agreement dated the 3d day of December, 1896, between Maggie Springer, the prosecutrix, together with her parents, James and Rachel Springer, and the defendant, wherein, for the consideration

therein named, the case, then pending before S. G. Matchett, Esq., justice of the peace, was fully settled between the parties before arrest of defendant, together with all claims and demands growing out of the same, the execution of said agreement being admitted by the commonwealth; to be followed by evidence that said agreement was drawn by said justice of the peace and said settlement made with his consent."

The counsel for the commonwealth objected to the offer as incompetent, irrelevant and immaterial, which was sustained by the court, and the defendant was convicted. The offer as made fully explains the relation of the parties, the character of the contract and its consideration. By the 9th section of the criminal code (procedure) it is provided: "In all cases where a person shall, on the complaint of another, be bound by recognizance to appear, or shall for want of security be committed, or shall be indicted for an assault and battery or other misdemeanor, to the injury and damage of the party complaining, and not charged to have been done with intent to commit a felony, or not being an infamous crime, and for which there shall also be a remedy by action, if the party complaining shall appear before the magistrate who may have taken the recognizance or made the commitment, or before the court in which the indictment shall be, and acknowledge to have received satisfaction for such injury and damage, it shall be lawful for the magistrate in his discretion to discharge the recognizance which may have been taken for the appearance of the defendant, or in case of committal to discharge the prisoner or for the court also, where such proceeding has been returned to the court, in their discretion, to order a nolle prosequi to be entered on the indictment, as the case may require, upon payment of costs."

The nature of the offense of fornication and bastardy is best shown by the sentence provided by the statute " to pay a fine not exceeding one hundred dollars to the guardians, directors or overseers of the poor of the city, county or township where the offense was committed, for the use of the poor of such city, county or township, and the man by such woman charged to be the father of such bastard child shall be the reputed father, . . . . and shall be sentenced, in addition to the fine aforesaid, to pay the expenses incurred at the birth of such child, and to give security by one or more sureties, and in such sum as the

court shall direct, to the guardians, directors or overseers of the poor of the city, county or township where such child was born, to perform such order for the maintenance of said child as the court before which such conviction is had shall direct and appoint."

It is manifest that in fornication and bastardy cases the mother is not the only person interested, thus giving to her the exclusive right to relieve the putative father from the maintenance of his offspring.

The court may decree the maintenance to be paid to any person in its discretion: Commonwealth v. Strayer, 43 Pa. 61, and the time during which the father may be ordered to maintain his child is discretionary with the court: Addis v. Commonwealth, 4 Binn. 541 ; Hellings's Ex'rs v. Directors of the Poor, 15 Pa. 409.

The settlements allowed by the 9th section of the code procedure are limited to those who are exclusively within the words of the statute.   On the trial the mother is a mere witness for the commonwealth, and before or after conviction she has no power to contract in regard to the rights of the guardians, directors or overseers of the poor who may be charged with the support of the child.   There is legislative sanction for such settlements, and such contracts have been held as not opposed to the public policy of the state : Rohrheimer v. Winters, 126 Pa. 253, but to be valid they must be made in the manner directed by the act of assembly.   In this case the directions of the statute were not followed, the party complaining did not appear before a magistrate, there was no case pending against the defendant, no record was made of the transaction.

In Maurer v. Mitchell, 9 W. & S. 69, Stumpf's Appeal, 116 Pa. 33, and Rohrheimer v. Winters, 126 Pa. 253, the controversy was between the father and mother or their representatives, and the courts held that the contracts were enforceable, but in this case the court is asked to say that the contract shall be a bar to the criminal prosecution, which is instituted as much for the protection of the public as the punishment of the defendant.   We decline to take this advanced step.

The evidence offered was properly excluded and the judgment is affirmed.

REEDER and SMITH, JJ., dissent.