544    BECK, Appellant, *v.* FINNEFROCK (No. 1).

---

## Beck *v.* Finnefrock, Appellant, (No. 2).

*Practice, C. P.—Judgment on order certified from the quarter sessions—Act of May 8, 1901, P. L. 143.*

1. The Act of May 8, 1901, P. L. 143, providing for the certification of an order or sentence of the court of quarter sessions, to the court of common pleas is not ex post facto, in so far as it relates to an order or sentence entered prior to its passage. The sentence itself contemplates payment in full by the defendant and the Act of 1901 did not increase that payment, but simply provided a remedy for the enforcement of the liability created by the sentence.

2. Under the provisions of the Act of May 8, 1901, P. L. 143, it is not required that the court of quarter sessions or the judge thereof should certify a copy of its order or sentence to the court of common pleas. In the absence of any statutory requirement to the contrary, the clerk of the court is the proper officer to make such certification, and the direction or authority of the court to do so is no more necessary than it is to certify a judgment of the court of common pleas, or an order of the orphans' court.

3. While the primary purpose of an order for support in fornication and bastardy is to indemnify the township or poor district against being called upon to pay for the maintenance of the child, the mother of the child, who has actually supported it, has an interest in the order and the sentence of the court of quarter sessions, to the extent of the payments due her during the period the child was supported by her, and she may avail herself of the provisions of the Act of May 8, 1901, P. L. 143. In the case of her death such right survives to her legal representatives.

Argued April 15, 1919.   Appeal, No. 109, April T., 1919, by defendant, from order of C. P. Clarion Co.,

Execution Docket No. 12, December T., 1916, refusing to strike off judgment in the case of J. T. Beck, Administrator of Hattie C. Ambrose, formerly Hattie C. Beck, deceased, v. Charles Finnefrock. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Appeal dismissed.

Petition to strike off judgment and to restrain plaintiff from proceeding by execution to collect the same. Before SLOAN, P. J.

The opinion of the Superior Court states the case.

The court, for reasons given in opinion in Beck v. Finnefrock (No. 1), 72 Pa. Superior Ct. 537, decreed that the fi. fa. and writ of execution be stricken from the record, as improperly entered, and that the property levied on under and by virtue of the said writ be released from the lien thereof but did not strike off the judgment.

*Errors assigned* were in the following form:

1. The court erred in not granting the relief prayed for in the first paragraph of petitioner's prayer for relief, which said paragraph is as follows:

"1. That the judgment entered in the above case on the paper marked Exhibit 'A,' a copy of which is hereto attached, be stricken from the record as improperly and improvidently entered."

2. The court erred in not granting the relief prayed for in the second paragraph of petitioner's prayer for relief, which said paragraph is as follows:

"2. That J. T. Beck, administrator of Hattie C. Beck, be restrained from any further proceedings in the above case."

3. The court erred in not granting general relief as prayed for in third paragraph of petitioner's prayer for relief.

4. The court erred in not holding that the Act of May 8, 1901, P. L. 143, was, so far as it relates to the case in controversy, ex post facto.

5. The court erred in not striking off the judgment entered in the common pleas on the certificate from the quarter sessions.

*George F. Whitmer,* and with him *J. V. Frampton,* for appellant, cited: Phillipi v. Com., 18 Pa. 116; Com. v. Allen, 2 Pa. Superior Ct. 175; City v. Hazlett et al., 14 Phila. 138; Eby v. Burkholder, 17 S. & R. 9.

*Don C. Corbett,* and with him *John S. Shirley* and *H. E. Rugh,* for appellee.

Opinion by Keller, J., July 17, 1919:

The ground of this appeal was the refusal of the court below to strike off the judgment entered in the court of common pleas by the filing therein of a certified copy of an order or sentence of the court of quarter sessions, pursuant to the Act of May 8, 1901, P. L. 143. The assignments of error, considered in connection with the statement of questions involved, raise three questions: (1) Whether the Act of 1901 is void, as being ex post facto, in so far as it relates to an order or sentence entered prior to its passage; (2) the power of the clerk of the court of quarter sessions to certify a copy of such order or sentence for entry in the court of common pleas, without the special sanction or authority of the court; (3) the right of the prosecutrix, and after her death her administrator, to enforce the provisions of said act and collect the moneys due her under said sentence. We will consider them in this order.

(1) The sentence imposed on the defendant in 1897 was not affected by the Act of 1901. The sentence itself contemplated payment in full by the defendant, and the Act of 1901 did not increase that payment by a single cent; it simply provided a remedy for the enforcement of the liability created by the sentence: Supervisors v. Dennis, 96 Pa. 400; an additional method of procedure for its collection: Kille v. Reading Iron Works, 134 Pa. 225. The definition of an ex post facto law, given in

Sharswood's Blackstone's Commentaries, Vol. I, p. 46, and mentioned with approval in Commonwealth v. Duffy, 96 Pa. 506, is: "One which renders an act punishable in a manner in which it was not punishable when it was committed. Every law that makes an act done before the passing of the law, and which was innocent when done, criminal, or which aggravates a crime and makes it greater than it was when it was committed, or which changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed, or which alters the legal rules of evidence and makes less or different testimony than the law required at the time of the commission of the offense sufficient in order to convict the offender, falls within this definition." The Act of 1901 offends in none of these particulars, and is not ex post facto.

(2) The Act of 1901 does not require the court of quarter sessions, or a judge thereof, to certify a copy of its order or sentence to the court of common pleas; it simply provides that such copy may be certified, etc. In the absence of any statutory requirement to the contrary, the clerk of the court is the proper officer to make such certification, and the direction or authority of the court to do so is no more necessary than it is to certify a judgment of the common pleas or an order of the orphans' court.

(3) The sentence of the court of quarter sessions was that the defendant pay the costs of prosecution, a fine of ten dollars to the overseers of the poor of Beaver Township, and pay Hattie C. Beck, the prosecutrix, the sum of twenty dollars for expenses incurred at the birth of the child, and the sum of one dollar and fifteen cents per week for the period of five years from March 17, 1897, etc., for the child's support and maintenance, and give security, etc. The period of five years covered by the court's order and sentence had expired long before the death of the prosecutrix or the entry of the certified copy of the order or sentence in the court of common pleas.

There is nothing in the record to show that, during that entire period, the child was supported and maintained by any one but its mother.

The contention of the appellant is based upon an extract from the opinion of Chief Justice GIBSON, in Philippi v. Commonwealth, 18 Pa. 116. The learned counsel has misconceived the force of that decision. In that case, the Supreme Court sustained the court below in holding that a man who married the prosecutrix in an indictment for fornication and bastardy, and afterwards deserted her, could not release the sheriff from liability on his official bond for permitting the escape of the defendant who had been convicted in such prosecution and sentenced to pay the prosecutrix her lying-in expenses and a weekly sum for the support and maintenance of the child. The opinion pointed out that the object of the allowance for the child's support was, in the first instance, indemnity to the township, and that the benefit to the mother is incidental and "operates to protect, not only the township but her offspring, by lessening her inducement to abandon it to the overseers of the poor or the charity of the world," and that, therefore, neither she nor her husband could release the putative father nor the sheriff, standing in his place. But the court below entered judgment in favor of the wife and prosecutrix for her lying-in expenses and the weekly allowance for the maintenance of the child for ninety-four weeks, which was due her when the action was instituted, and the Supreme Court affirmed; showing that the mother, though she may not release the putative father from the payments which he was ordered to make for the support of the child, is entitled to have paid to her such payments as accrued during the period when the child was supported by her. And in Eby v. Burkholder, 17 S. & R. 9, cited in said opinion and referred to by the counsel for the appellant, Chief Justice GIBSON said: "But the order was not merely to pay a sum presently due, but also a weekly allowance as it should be earned thereafter; for the mother

would undoubtedly be entitled only for the time during which she actually maintained the child."

In Commonwealth to the use of Fronk v. Rarick, 66 Pa. Superior Ct. 162, the Act of May 8, 1901, was fully considered by this court. The defendant in that case had been convicted of fornication and bastardy and sentenced to pay the prosecutrix a specific sum weekly. On his default, the prosecutrix entered a certified copy of the order or sentence as a judgment in the court of common pleas, under the Act of 1901, and issued an attachment execution thereon. This court, reversing the court below, held that she might properly do so, as the judgment so entered had all the force and effect of an original judgment in the court of common pleas.

In Sheffer v. Rempublicam, 3 Yeates 39, it was held that, where the mother of the child died before sentence was passed on the putative father, he could be ordered to pay the lying-in expenses and for the maintenance of the child from its birth to the time of sentence, to the legal representatives of the person who had borne these expenses. If the right would survive to the legal representatives before sentence, it certainly would, after sentence.

While the primary purpose of the order for support is, undoubtedly, to indemnify the township or poor district against being called upon to pay for the maintenance of the child, we are of opinion that the mother of the child, to whom the defendant has been ordered to pay a specific sum weekly for its maintenance and support, and who has actually supported it, has such an interest in the order or sentence of the court of quarter sessions, to the extent of the payments due her during the period that the child was supported by her, that she may avail herself of the provisions of the Act of May 8, 1901, aforesaid, and that, in case of her death, such right survives to her legal representatives.

The assignments of error are all overruled and the appeal is dismissed at the costs of the appellant.