Commonwealth *v.* John W. Maddox, Appellant.

Argued September 29, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-
NINGHAM, BALDRIGE and WHITMORE, JJ.

148

*P. J. Clyde Randall,* for appellant.

*Andrew T. Park,* District Attorney, and with him *Roy T. Clunk,* Assistant District Attorney, for appellee.

OPINION BY TREXLER, P. J., November 20, 1930:

The defendant was convicted of fornication and bastardy and was sentenced by the court to pay $135.50 for lying-in expenses and maintenance of the child from birth to date and $4.00 a week until the child arrived at the age of fourteen years. He neglected to comply with the sentence of the court and failed to pay the amounts ordered. He was then indicted under the act of the 11th day of July, 1917, P. L. 73, for neglecting and refusing to support his child born out of wedlock.

At the inception of the trial, a plea was entered to the jurisdiction claiming that subsequent to the above act, the County Court of Allegheny County, by legislative enactments of May 23, 1923, P. L. 324 and of June 28, 1923, P. L. 898, was given exclusive jurisdiction concerning neglected children under the age of sixteen years. There is no repeal of the Act of 1917, supra, in the county court acts above referred to. The fact that neglected children are put under the supervision of the county court does not oust the jurisdiction of the quarter sessions in trying the

offense of the father of a bastard child who neglects to support it. That he neglects to support it does not bring it under the class of neglected children. "Neglect" constitutes the crime, not the condition of the child who although entitled to support from him might still, in no sense of the word, be a neglected child. The two acts bear no relation to each other.

The court rightly held that the question of the paternity of the child was not before the jury in the present case. That was decided when he was convicted on the fornication and bastardy charge. It certainly was not the legislative intent when it passed the Act of 1917, supra, to give defendants two chances. The converse of the proposition certainly would not be true that where a man was acquitted of fornication and bastardy that he subsequently could be indicted for non-support of the bastard child. All the matters preceding the conviction of the defendant were irrelevant to the present issue. The paternity of the child was settled once and for all by his conviction.

The Act of 1917 reads, "any parent who shall wilfully neglect or refuse to contribute reasonably to the support and maintenance of a child born out of lawful wedlock shall be guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding five hundred dollars ($500), or imprisonment not exceeding six months, or both, with or without hard labor, in the discretion of the court." Section 4 provides that either before "or after conviction, instead of imposing the fine herein provided, or in addition thereto, the court in its discretion, having regard to the circumstances and to the financial ability and earning capacity of the defendant, shall have the power to make an order, which shall be subject to change by the court, from time to time, as circumstances may require, directing the defendant to pay

a certain sum periodically, for such time and to such person as the court may direct.''

It follows that the sentence must be in compliance to the act. The court below sentenced the defendant ''to pay a fine of 6¼ cents to Poor Authorities Ally. Co., pay costs of prosecution, pay Lossie Marsh, mother of child the sum of $282.75 for lying-in expenses and maintenance of child from birth to date.'' It will be observed that the sentence imposed did not follow the provisions of the Act of 1917. A fine may be imposed or imprisonment or both and in addition thereto, or in substitution of it, the court having regard to the circumstances and to the financial ability and earning capacity of the defendant, as above noted, shall have power to make an order for the payment of the sum periodically. There is no reference to allowing any lying-in expenses and it would appear so far as to past failure to comply with the sentence of the court in the fornication and bastardy conviction, there is no provision in the act covering that.

We remit the record in order that the court may resentence the defendant. If the court imposes a periodical payment inquiry must be made as to his circumstances as provided by the Act of 1917, supra.

The judgment is reversed and the record remitted in order that the defendant may be resentenced.