Com. *v.* Patterson, Appellant.

Argued July 12, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunning-
ham, Baldrige, Stadtfeld and Parker, JJ.

*Paul M. Crider,* and with him *T. Z. Minehart,* for appellant.

*J. Glenn Benedict,* District Attorney, and with him *Garnet Gehr,* for appellee.

OPINION BY TREXLER, P. J., October 10, 1932:

The defendant was charged with neglecting and refusing to contribute to the support of his bastard child under the Act of July 11, 1917, P. L. 773, amended July 21, 1919, P. L. 1075. When the case was on trial, after the mother of the child testified, the defendant offered in evidence a release signed by her on the day the child was born whereby, for sixty-five dollars paid to her, she released the defendant of all criminal and civil actions "for or on account of the birth, maintenance, education and bringing-up of the child about to be born." The court declined to receive the release. This action of the court the appellant, the defendant, claims was error. In the offer of the paper there was included the statement that there was no proof presented that the Commonwealth was supporting the child or was asked to do so.

A contract binding the defendant to future payments for the support of his bastard child is enforceable in a civil action by the mother, and unless there is some fatal objection to its validity, will be recognized by the courts, and is legal as far as the parties are individually concerned. Such contracts have not only been permitted but have been favored by our courts: Rohrheimer v. Winters, 126 Pa. 253.

Such contract, however,. is no bar to a criminal action for fornication and bastardy. The criminal action is for the protection of the public: Commonwealth v. Scott, 7 Pa. Superior Ct. 590.

In 7 C. J. 969, the law is stated as follows, and a number of cases cited in support of the text. "Except where forbidden by statute the mother of an illegitimate child may by a fair settlement with the putative father for a reasonable consideration preclude herself." The offense in the present case is not fornication and bastardy but, as already stated, neglecting to support a bastard child, and there is no reason why, as in fornication and bastardy cases, contracts between the individuals interested should not be recognized by the court. The defendant may show that he has discharged his duty and has reasonably contributed to the child's support, or may show that the mother is able to support the child, and has by her valid act released him from all further obligations in the premises. If, however notwithstanding such release, the mother is unable to support the child and it becomes a public charge, the right to require the father to support the bastard still resides in the proper authorities, for they are not a party to the contract. We will send the case back in order that upon a retrial the release, if offered, may be received. The inquiry will then be whether there be any fatal objection to its validity. All the circumstances surrounding the giving of the release may be inquired into. The amount of $65 seems to be unconscionable as a consideration for lying in expenses and the support of the infant for the usually long term of years fixed by the courts in such cases. The obtaining of a release on the very day the child was born would appear to require explanation. It may be that the testimony as to the giving of the release may disclose that no advantage was taken of the prosecutrix in its procuring, and that under the circumstances the whole transaction was

fair and the consideration commensurate, and furthermore that the child is not dependent on public support by reason of the mother being indigent. The defendant is entitled to submit proof in the attempt to sustain his defense. If upon a retrial, the defendant should be found guilty, the sentence should not include lying in expenses or maintenance prior to the prosecution, as such are not included in the provisions of the act: Com. v. Maddox, 100 Pa. Superior Ct. 147.

The judgment is reversed with a procedendo.