## Commonwealth v. Hikes

*L. E. Enterline*, district attorney, and *V. J. Dalton*, for Commonwealth.

*R. M. Bashore*, for defendant.

HOUCK, J., March 4, 1935.—The defendant was indicted for fornication and bastardy on an information lodged by Mary A. Berger before alderman Preston C. Schimer on May 10, 1934. The trial resulted in a verdict of guilty, whereupon defendant moved for a new trial.

The prosecutrix testified that defendant is the father of her child who was born on December 27, 1933. This was not denied by the defendant but he offered to show in defense that the prosecutrix executed a release to him releasing him from all civil and criminal actions. The release was not received in evidence for two reasons: (1) because such a release is not a bar to a criminal prosecution and (2) because there was no offer to show that the case was settled with the consent of the district attorney and that a bond was filed with the Poor Directors of Schuylkill County. For the purpose of affecting the credibility of the prosecutrix, the defendant was permitted to show that she lodged an information before Gregory Achenbach, a justice of the peace, on February 5, 1934; that the defendant entered bail for his appearance at court; that on February 20, 1934, the parties appeared before the justice of the peace and agreed upon a settlement; that pursuant to the agreement, the defendant paid the prosecutrix $200; and that she executed a release. Appropriate entries were made by the justice on his docket, one of them being "release executed and bond filed". The trial judge charged that the settlement was not a bar to the prosecution and no complaint of the charge is made.

In support of his motion for a new trial, the defendant assigns seven reasons. The first four are general in character and require no discussion. The others are (5) that the trial judge erred in refusing to admit the release in evidence; (6) that he erred in refusing to admit the evidence of the justice of the peace for the purpose of showing a settlement of the case; and (7) that the defendant has after-discovered evidence to the effect that a bond was filed with the directors of the poor pursuant to the directions of the district attorney. These reasons raise two questions: (1) whether a release executed by a prosecutrix in a fornication and bastardy proceeding is binding upon the Commonwealth and a

bar to subsequent criminal prosecution; and (2) whether the so-called after-discovered evidence is of such character as to warrant a new trial.

A prosecution for fornication and bastardy may undoubtedly be settled. In fact, the policy of the law favors the settlement of such cases and contracts of settlement are valid and binding upon the parties: Rohrheimer et al. v. Winters, 126 Pa. 253. Nevertheless, such settlements are not a bar to subsequent prosecution. The precise point was ruled upon in Commonwealth v. Scott, 7 Pa. Superior Ct., 590, where the court said: "In Maurer v. Mitchell, 9 W. & S. 69, Stumpf's Appeal, 116 Pa. 33, and Rohrheimer v. Winters, 126 Pa. 253, the controversy was between the father and mother or their representatives, and the courts held that the contracts were enforceable, but in this case the court is asked to say that the contract shall be a bar to the criminal prosecution, which is instituted as much for the protection of the public as the punishment of the defendant. We decline to take this advanced step."

The case was cited with approval in Commonwealth v. Patterson, 106 Pa. Superior Ct. 433, 435, in which it was held that a release might constitute a bar to a prosecution for failure and neglect to support a bastard child, but the principle of the Scott case was reaffirmed in this language: "Such contract, however, is no bar to a criminal action for fornication and bastardy. The criminal action is for the protection of the public". We must conclude, therefore, that the release is not a bar to the prosecution and consequently no error was committed in excluding it.

The decision might well be rested on the broad ground just stated, but there are other reasons which justify the exclusion of the release from evidence. While prosecutions for fornication and bastardy may be settled, the manner in which they are to be settled has been established in this county by an unbroken practice existing for many years. They may be settled with the consent of the district attorney and upon the filing of a bond with the directors of the poor to insure the county against the support and maintenance of the child. This method of settlement protects the public interest, but even so it may be doubted whether such a settlement, in view of the cases to which we have referred, would constitute a bar to the prosecution. When the defendant offered evidence of settlement, he did not offer to show that a bond had been filed with the poor directors. Now he asserts that a bond was filed and he relies upon this as after-discovered evidence to move the court to grant him a new trial. If he executed the bond and delivered it to the justice of the peace, it would not have required much diligence to ascertain whether it was filed with the poor directors. This information was readily available to him. Consequently, the evidence is not such after-discovered evidence as would warrant the granting of a new trial: Marine Coal Co. v. Pittsburgh, McKeesport & Youghiogheny R. R. Co., 246 Pa. 478, 488.

Another reason for the exclusion of the release is that defendant himself showed that the payment of $200 was not the entire consideration for the settlement. The justice of the peace testified that the prosecutrix told him that the defendant promised to take care of her and that in addition to the $200 cash he would give her wood, coal, potatoes and milk. The defendant admitted that he did send her these supplies until May 14, 1934. Then he desisted because the second prosecution was instituted. It is difficult to see how the release would constitute a bar if the settlement comprised the payment of $200 and a promise to supply other articles in addition.

We see no reason for granting a new trial. The defendant can and will be fully protected by the sentence to be imposed. The court can inquire into the validity of and the circumstances surrounding the settlement and adjust

the sentence accordingly: Commonwealth v. Weaver, 9 Dist. R. 427. This undoubtedly is the best way to inquire into the settlement and, if that be proper, to make it effective between the parties. In this way, the interests of the Commonwealth, the prosecutrix and the defendant can all be protected and the defendant is not harmed. Where a case is settled in accordance with our practice and the mother fails to support the child, the defendant remains liable on his bond. He is in no worse position if the court in its sentence preserves this liability: See Commonwealth v. Patterson, supra. Of course, when sentenced, the defendant, at the very least, must be given credit for whatever payment he has made to the prosecutrix. At the time fixed for sentence, the parties should come prepared with any additional testimony they may have bearing upon the settlement so that the court may be properly informed before imposing sentence.

And now, March 4, 1935, the motion for a new trial is overruled and defendant is directed to appear for sentence on Monday, March 11, 1935, at 10 a. m.

From M. M. Burke, Shenandoah, Pa.