## Commonwealth, to use, v. Showalter

*Windolph & Mueller*, for plaintiff.
*John L. Hamaker*, for defendant.

SCHAEFFER, J., January 21, 1938.—This is an action of assumpsit to recover on a joint and several bond for $400 given on June 18, 1929, by James Showalter and John E. Showalter, as surety, in a criminal prosecution

for fornication and bastardy in the Court of Quarter Sessions of Berks County, Pa., "conditioned that James Showalter, the said defendant, pay each and every week the sum of $2.50 for the support of child until it arrives at the age of 16 years, until the further order of the court." This bail bond was given to the Commonwealth of Pennsylvania, and plaintiff in the present suit is the Commonwealth of Pennsylvania to the use of Wilma R. Harding, the mother. James Showalter was in default $467.50 under the order of court for the support of the child as of July 24, 1937.

Defendant filed an affidavit of defense raising two questions of law, as follows: "(1) The bond upon which plaintiff maintains this action is contrary to law and void in that it is payable to the Commonwealth of Pennsylvania and not 'to the guardians, directors, or overseers of the poor of the city, county, or township where such child was born' as directed in the Act of March 31, 1860, P. L. 382, sec. 37, in force and effect on June 18, 1929, when the said bond was given; and (2) plaintiffs are improper parties to maintain this action under the Act of March 31, 1860, P. L. 382, sec. 37."

The Act of 1860, supra, sec. 37, provides in cases of fornication and bastardy:

". . . and such persons being thereof convicted, shall be sentenced, in addition to the fine aforesaid, to pay the expenses incurred at the birth of such child, and to give security, by one or more sureties, and in such sum as the court shall direct, to the guardians, directors or overseers of the poor of the city, county or township where such child was born, to perform such order for the maintenance of the said child, as the court before which such conviction is had shall direct and appoint." The same provision is contained in the amending Act of May 29, 1935, P. L. 249.

As stated by Judge Keller in Commonwealth v. Hawkins, 80 Pa. Superior Ct. 520, 524:

"A sentence, on conviction of fornication and bastardy, that the defendant pay a weekly sum to the mother for the support and maintenance of the child, is, in the first instance for the relief of the poor district and only incidentally for the benefit of the mother: Philippi v. Com., 18 Pa. 116, 117;. Beck v. Finnefrock, (No. 2), 72 Pa. Superior Ct. 544, 548."

In Beck v. Finnefrock (No. 2), 72 Pa. Superior Ct. 544, 549, it is said:

"While the primary purpose of the order for support is, undoubtedly, to indemnify the township or poor district against being called upon to pay for the maintenance of the child, we are of opinion that the mother of the child, to whom the defendant has been ordered to pay a specific sum weekly for its maintenance and support, and who has actually supported it, has . . . an interest in the order or sentence of the court of quarter sessions, to the extent of the payments due her during the period that the child was supported by her".

In a bastardy case the court may direct the maintenance to be paid to any person in its discretion under the Act of 1860, supra: Commonwealth v. Scott, 7 Pa. Superior Ct. 590, 593. In Commonwealth, to use, v. Moran, 251 Pa. 477, affirming 58 Pa. Superior Ct. 362, the parties are similar to the instant case, but the question raised is not the same. There the suit was brought in the name of the Commonwealth to the use of the mother against the surety alone. The court in its opinion said at page 479:

"Prior to the conviction and sentence of the putative father, no obligation to pay money to anybody rested on him which the law recognized as sufficient to support an action either by the mother of the child, by its guardian, by the Commonwealth, or any of its political subdivisions. His liability to pay money, therefore, was created by and resulted from the sentence of a criminal court following his conviction of a violation of the public law of the Commonwealth. That sentence was imposed by the authority

of the Crimes Act of March 31, 1860, P. L. 382. . . .
We cannot adopt as sound then the contention of the appellant that the portion of the sentence fixing the sum to be paid and appropriating it to the maintenance of the child can be essentially differentiated from the remainder of the sentence."

In Commonwealth v. Hoch, 1 Wood. Dec. 332 (1867), a Berks County case, the plaintiff is the Commonwealth in a civil suit on a recognizance given for the maintenance of a bastard child in compliance with the court's sentence. In Hornstine's Estate, 14 D. & C. 234 (1930), involving liability on a bond given in a conviction for fornication and bastardy under the Act of 1860, Judge Gest in his opinion said:

". . . although the bond in question was given to the City of Philadelphia, it was intended for her benefit in assisting her to support the child. It clearly appeared in the present case that, although the city, through the Municipal Court, collected the weekly payments, they were paid over as received to the mother, and if an action at law had been brought against the father for any arrearages, the suit might have been brought by the City of Philadelphia to the use of the mother, just as the suit in the Moran case, cited below, was brought in the name of the Commonwealth to the use of the mother."

Bonds for support have been construed liberally. In Brill v. Brill, 282 Pa. 276, it was decided that an illegitimate child has an interest in a bond given by the putative father to the mother, although not named as a party therein, and that he can sue and recover thereon under the third party beneficiary rule. The bond in the instant case was given under order of the Court of Quarter Sessions of Berks County and the obligee is the Commonwealth of Pennsylvania. Defendant in this case, as surety, voluntarily entered into an obligation with the Commonwealth, and the court on the faith of his bond released defendant in the criminal case from custody. The mother is a party in interest and can recover on the bond if she has been

supporting the child. To hold that the bond is void because it is not in strict accordance with the Act of 1860 would nullify in part the sentence of another court. Furthermore, under the decisions of Commonwealth, to use, v. Moran, supra, and Commonwealth v. Hoch, supra, similar bonds were enforced.

And now, January 21, 1938, the questions of law are decided in favor of plaintiff, and defendant is given 15 days to file an affidavit of defense on the merits of the case.