## Commonwealth, to use, v. Schiff

516

*Daniel L. McCarthy*, for petitioner.
*Russell C. Mauch*, for defendant.

BARTHOLD, J., May 22, 1944.—This case comes before the court upon petition filed by Lillian Schiff asking leave for an examination of defendant, Abe Schiff, judgment debtor, under the provisions of the Act of May 9, 1913, P. L. 197, 12 PS §§2242-2244.

On July 12, 1943, the Court of Quarter Sessions of Northampton County sentenced defendant to pay the sum of $10 per week for the support of his wife, Lillian Schiff. Defendant having defaulted, petitioner had a copy of the sentence certified to the court of common pleas by the clerk of quarter sessions. Appended to the certification of the clerk of quarter sessions is the certification of the probation officer of the quarter sessions court to the effect that defendant is in arrears under the above sentence in the sum of $150 as of March 20, 1944. On March 27, 1944, petitioner's attorney issued a præcipe for writ of fieri facias sur the above judgment directing the sheriff to levy upon "all personal property in Northampton County belonging to defendant", returnable April 10, 1944. On April 11, 1944, the sheriff returned the writ "nulla bona". Subsequently the petition for oral examination of defendant was presented to the court. Defendant has filed a motion to dismiss the petition, which motion is now before the court for determination.

Under the Act of May 9, 1913, P. L. 197, 12 PS §2242, a proceeding for the examination of a judgment debtor is predicated upon both a final judgment

in any court of record in this Commonwealth and a return by the sheriff of the proper county to the effect that property cannot be found sufficient to satisfy the judgment and execution. The act provides:

"In any case in which a final judgment has been or may hereafter be recovered in any court of record in this Commonwealth, upon which an execution has been issued, and a return made by the sheriff of the proper county to the effect that property cannot be found sufficient to satisfy the said judgment and execution, upon petition of the plaintiff, under oath, setting forth that he believes the defendant has property which should be applied towards the payment of such judgment, the court shall enter an order to the same number and term requiring the judgment debtor to attend, and be examined orally, after being duly sworn or affirmed true answers to make concerning his property, before the court, at such time and place as the court may appoint. The attendance of the debtor for the purposes of such examination may be enforced by said court by subpœna and attachment, as in the case of other witnesses."

It is the contention of defendant that the certification of the sentence of the court of quarter sessions to the common pleas is not a final judgment because no affidavit of default was filed. The sentence of the court of quarter sessions was certified pursuant to the provisions of the Act of May 8, 1901, P. L. 143, 12 PS §1001. The act provides:

"Where any court of quarter sessions of the peace or court of oyer and terminer of this commonwealth has heretofore made or entered, or shall hereafter make or enter, any order, sentence, decree or judgment for the payment of any moneys whatsoever, in any matter or thing within the jurisdiction of the said court, a copy of the said order, sentence, decree or judgment may be certified to any court of common pleas of the same county, and be entered and indexed in said court

as a judgment with like force and effect as if the same had been recovered therein as a judgment of the latter court."

Under the above act, the certification by the clerk of quarter sessions was entirely proper: Beck v. Finnefrock (No. 2), 72 Pa. Superior Ct. 544. The record reveals that the clerk of quarter sessions not only certified a copy of the sentence of the court of quarter sessions but also certified the exact amount of arrearages' as disclosed by the records of the probation officer of said court. Clearly, no affidavit of default is necessary when the certified record discloses the exact amount of arrearages. We accordingly hold that the sentence of the court of quarter sessions, certified as above to the court of common pleas, became a final judgment with like force and effect as if the same had been recovered in the court of common pleas as a judgment of the latter court.

It is the further contention of defendant that the record discloses an insufficient return by the sheriff within the meaning of the Act of May 9, 1913, supra. The act specifically provides for "a return made by the sheriff of the proper county to the effect that property cannot be found sufficient to satisfy the said judgment and execution". In the instant case, petitioner's attorney directed the sheriff to levy upon personal property only. The præcipe is considered part of the record: Wilkinson v. North East Borough, 215 Pa. 486. The sheriff was under obligation to follow this direction.

"Although, in general, the execution officer is considered an agent of the law, and not of the execution creditor, the execution officer is regarded to some extent as an agent of the execution creditor in the performance of duties in compliance with the mandate of a writ of execution. The plaintiff in the execution and his attorney are generally entitled to control the writ while it is in the course of execution and to give the

officer directions in regard to the execution thereof, which directions the officer is, to a considerable extent, under obligation to follow": 7 Standard Penna. Practice, sec. 91, p. 286.

"The rule that the execution creditor and his attorney are generally entitled to control the writ while it is in the course of execution and to give the officer directions in regard to the execution thereof, which directions the officer is, to a considerable extent, under obligation to follow, is especially applicable to a designation of the particular property to be subjected to the levy and sale under execution": 7 Standard Penna. Practice, sec. 728, p. 753.

Patently, under the decisions and the record hereinabove referred to, petitioner has not shown full compliance with the terms of the Act of May 9, 1913, supra. The act refers to an execution and a return relative to property generally and not alone to personal property. The creditor's remedy by execution must actually be exhausted before the judgment creditor can avail himself of its provisions: Fidelity-Philadelphia Trust Co., Exec., v. Miller, 29 D. & C. 282.

We are not unmindful of the fact that the writ, contrary to the directions in the præcipe, commands the sheriff to levy upon the lands and tenements as well as the goods and chattels of defendant. Petitioner argues that the sheriff's return of "nulla bona" covers real estate as well as personal property. This might be true had the præcipe directed the sheriff to levy upon all the property of defendant both real and personal, but this is not the situation disclosed on the record. It is our opinion that where a judgment creditor directs the sheriff to levy upon personal property only it must be presumed that the sheriff carried out the directions of the execution creditor and that the return "nulla bona" in the instant case can apply solely to personal property. Our views are further substantiated by the fact that petitioner did not contemplate an execution

against possible real estate holdings of the judgment debtor. The best evidence of this is paragraph 4 of the petition itself, wherein it is averred that "petitioner is informed, believes, and therefore avers that the said Abe Schiff possesses personal property which should be made subject to the execution herein".

It is our considered judgment that the burden is upon petitioner to show strict compliance with the provisions of the Act of May 9, 1913, supra, before the supplementary proceedings therein provided may be invoked. Where, as here, the record is so ambiguous as to make it impossible for the court to determine whether or not creditor's remedy by execution has been really exhausted, we have no other alternative than to dismiss the petition. Petitioner should issue an alias writ with proper directions to the sheriff and thereby settle the question as to whether or not property of defendant can be found sufficient to satisfy the judgment and execution.

### Order

And now, May 22, 1944, defendant's motion to dismiss the order for oral examination heretofore entered is granted, and the petition of Lillian Schiff filed April 17, 1944, under the Act of May 9, 1913, P. L. 197, 12 PS §2242, is hereby dismissed, and the order thereon entered is hereby set aside and vacated.