THE STATE OF NEW JERSEY, *EX REL.*, HELOYSE ACOR-MAN, PLAINTIFF-RESPONDENT, v. ALPHONSE PITNER, DEFENDANT-APPELLANT.

Argued March 3, 1964—Decided May 4, 1964.

*Mr. Ira Rabkin* argued the cause for defendant-appellant (*Messrs. Molotsky, Rabkin & Gross,* attorneys; *Mr. Ira Rabkin,* on the brief).

*Mr. Abraham Greenberg* argued the cause for plaintiff-respondent.

The opinion of the court was delivered by

PROCTOR, J.   Defendant appeals from a judgment of the Appellate Division affirming a judgment of the Camden County Court which determined that the defendant was the father of the plaintiff's illegitimate child and ordered him to pay for the child's support. 80 *N. J. Super.* 91 (*App. Div.* 1963). The County Court hearing was a trial *de novo* by the judge sitting without a jury upon defendant's appeal from an order of the City of Camden Municipal Court which had adjudged him the father of the child and entered a support order.   Defendant appeals to this court pursuant to *R. R.* 1:2–1(a), asserting that the appeal raises a question arising under the Constitution of the United States.

The defendant was indicted in 1955 by a Grand Jury for the County of Philadelphia, Pennsylvania, on the charge of the plaintiff herein for violation of the Pennsylvania Fornication and Bastardy Statute (*Pa. Stat. Ann. Tit.* 18, § 4506). The indictment charged that the defendant was the father of a female child born to the plaintiff as the result of an act of fornication committed in Philadelphia. When the indictment came on for trial on June 30, 1955, in the Municipal Court of Philadelphia, Women's Criminal Division, a court of competent jurisdiction, the parties advised the court that the plaintiff had executed a release for a consideration of $1,000 discharging the defendant "from all manner of criminal and civil action or actions now brought or hereafter to be brought against him * * * for or on account of the birth, maintenance, support, education and bringing up of said child," and submitted it for the approval of the court and the district

attorney, who was present representing the Commonwealth and the complaining witness.

The court examined the plaintiff under oath with respect to her understanding of the release she had executed and her ability to support the child, noting that court approval of the release would result in a verdict of not guilty on the criminal charge. The plaintiff testified that she had received the $1,000, that she understood the agreement, and that she was employed. The judge reserved decision and the following week entered a judgment approving the compromise, discharging the defendant, and ordering the entry of a verdict of not guilty. It is apparent from the record that the court considered the interests of the child in the proceedings and was satisfied that the release was compatible with those interests.

In 1958 the plaintiff filed a petition requesting the court to reconsider its former determination and also for leave to file an affidavit under the Pennsylvania Neglect to Support Law, *Pa. Stat. Ann. Tit.* 18, § 4732, alleging that she had never received the $1,000 and that her prior testimony to that effect was untrue. The matter came on for hearing on May 16, 1958, before the same judge who had heard the prior proceeding. Following a hearing on the petition, the court dismissed it with prejudice.

The defendant moved to Camden, New Jersey, and the plaintiff thereafter took up residence with her child in Camden County for the purpose, as she testified below, of establishing the paternity of the child. The plaintiff subsequently filed a complaint in the Camden City Municipal Court under *N. J. S.* 9–16–1 *et seq.,* commencing the proceedings now being reviewed. The defendant denied paternity, as he has consistently done since the initial Pennsylvania proceedings, and also raised the defense of *res judicata* by reason of the Pennsylvania judicial proceedings. As mentioned above, the Municipal Court determined that defendant was the father of the child. It denied full faith and credit to the Pennsylvania proceedings on the ground that a criminal statute was there

involved and could not bar the civil action in New Jersey. The defense was urged again on defendant's appeal to the county court. That court was of the opinion that it need not recognize the Pennsylvania proceedings since they did not reflect a trial on the merits of the issue of paternity. The Appellate Division affirmed on the ground that the parents of a child may not *inter sese* enter into any agreement which deprives the child of rights guaranteed to him by law, and that "the *pro forma* judgment of non-paternity entered in the Pennsylvania court * * * without regard to the continuing needs of the child, is not binding on the child." In addition it stated that the Pennsylvania statute was criminal in nature and would not be binding on the courts in New Jersey. 80 *N. J. Super.*, at *pp*. 95–96.

The *United States Constitution, Article* IV, *Section* 1, provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

This provision and the statute which implements it (28 *U. S. C. A.* § 1738) require that the judgments of the courts of one state be given the same faith and credit in sister states as they have by law or usage in the state rendering them. Thus there has been established throughout the nation the "salutary principle of the common law that a litigation once pursued to judgment shall be as conclusive of the rights of the parties in every other court as in that where the judgment was rendered." *Morris v. Jones,* 329 *U. S.* 545, 552, 67 *S. Ct.* 451, 456, 91 *L. Ed.* 488, 496 (1946), reh. den. 330 *U. S.* 854, 67 *S. Ct.* 858, 91 *L. Ed.* 1296 (1947).

It has been said that a state is not required by the full faith and credit clause to enforce the penal laws of a sister state. *Williams v. North Carolina,* 317 *U. S.* 287, 295, 63 *S. Ct.* 207, 211–212, 87 *L. Ed.* 279, 284 (1942). And it is argued, therefore, that we need not recognize the "not guilty" verdict en-

tered in the Pennsylvania fornication and bastardy proceedings. Moreover, the New Jersey statute under which plaintiff sues, provides for an action which has been characterized as more civil than criminal in nature. See *Overseer of the Poor of Town of Montclair v. Eason,* 92 *N. J. L.* 199, 203 (*E. & A.* 1918) ; *In re El,* 26 *N. J. Misc.* 285, 60 *A. 2d* 893 (*Cty. Ct.* 1948). See the discussion of the problems raised by the civil and criminal aspects of paternity proceedings by Wysong, "The Jurisprudence of Labels—Bastardy as a Case in Point," 39 *Neb. L. Rev.* 648 (1960). Thus since the judgment of nonpaternity was based on a criminal statute, which it is urged we need not enforce, and since in any case the present proceeding is "civil," the plaintiff contends that the former judgment should have no *res judicata* effect here.

██ It is, of course, generally true that a judgment in a criminal proceeding has no *res judicata* effect in a subsequent civil proceeding. But the judgment which we are asked to recognize not only discharged the defendant from the criminal charge against him but also approved the compromise executed by the plaintiff which released the defendant from all civil and criminal liability for support of the child. Pennsylvania regards the fornication and bastardy offense as essentially a private wrong capable of compromise by the parties. *Maurer v. Mitchell,* 9 *Watts & S.* 69 (*Pa. Sup. Ct.* 1845). Therefore, a judgment by a court of competent jurisdiction approving the compromise would appear to be more civil than criminal in nature, and we believe that the judgment of approval is binding upon the courts of New Jersey to the same extent as it would bind subsequent litigation in Pennsylvania. See *Rhyne v. Katleman,* 206 *Misc.* 202, 133 *N. Y. S. 2d* 221 (*Spec. Sess.* 1954), cited with approval in *Haag v. Barnes,* 9 *N. Y. 2d* 554, 216 *N. Y. S. 2d* 65, 175 *N. E. 2d* 441, 87 *A. L. R. 2d* 1301 (*Ct. App.* 1961). Accordingly, we need not decide whether a judgment of not guilty of paternity rendered in a sister state where the issue is raised in a criminal proceeding would be entitled to full faith and credit in a

subsequent trial of the issue in an action brought under the New Jersey statutes.

Since the judgment approving the compromise is entitled to the same recognition here as in Pennsylvania, we must determine what *res judicata* effect the court-approved release would have in the courts of that state. Pennsylvania encourages the settlement of bastardy prosecutions; and settlement agreements, when determined by a court to be fair, are enforced in both civil and criminal proceedings. *Maurer v. Mitchell, supra; Rohrheimer v. Winters,* 126 *Pa.* 253, 17 *A.* 606 (*Sup. Ct.* 1889); *Commonwealth v. Weaver,* 9 *Dist.* 427 (1899). And such agreements are an absolute defense to any subsequent action for support brought by the mother on behalf of the child against the man released. *Commonwealth v. Patterson,* 106 *Pa. Super.* 433, 162 *A.* 477 (*Super. Ct.* 1932); *Commonwealth v. Pewatts,* 200 *Pa. Super.* 22, 186 *A.* 2d 408 (*Super. Ct.* 1962). And it has been held elsewhere that such an agreement is also binding on the child in his subsequent suit for support. *Stevens v. Kelley,* 57 *Cal. App.* 2d 318, 134 *P.* 2d 56 (*D. Ct. App.* 1943). The Pennsylvania cases establish beyond doubt that the plaintiff here would be forever barred from seeking support for her child from this defendant in Pennsylvania. Under the constitutional mandate, we must give the court-approved release the same effect in New Jersey. Accordingly, we hold that the plaintiff is barred from prosecuting the present action by reason of the judgment approving the release executed by her.

We note that this is not an agreement in which parents *inter sese* have compromised the rights of their child, which contractual undertaking would not be entitled to the protection of the full faith and credit clause. Here we have an agreement by a parent, with the approval of a court, that the person released shall not be responsible for the support of the child, and the judgment of the court must be given effect in this State under the Federal Constitution.

At the oral argument the question was raised whether the Pennsylvania judgment would bar the Welfare Director of

the City of Camden from prosecuting an action for support of this child against the defendant. However, it is unnecessary to decide in this case what effect the Pennsylvania judgment would have on the rights of a New Jersey municipality.

We have considered the plaintiff's objections to alleged procedural errors in the introduction of the records of the Pennsylvania proceedings. We are satisfied that the documents were properly authenticated and were offered in evidence and considered by all the courts below in arriving at their respective determinations. We find no substance to the plaintiff's argument.

For the reasons stated above, the judgment of the Appellate Division is reversed, and judgment shall be entered for the defendant.

*For reversal* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.