## Commonwealth, ex rel., v. Owens, Appellant.

*Husband and wife—Order of support—Judgment—Certifying order into Common Pleas—Striking off judgment—Act of May 8, 1901, P. L. 143.*

Where a married woman secures an order in the Court of Quarter Sessions on her husband for support, and on the præcipe of her attorney to which is attached a certificate of the clerk of the Quarter Sessions, judgment is entered in the Common Pleas, the judgment will not be stricken off, because the order was not certified by the Court of Quarter Sessions, or because the judgment was entered for the amount actually in default, and not for the penal sum.

Argued March 8, 1916. Appeal, No. 12, March T., 1916, by defendant, from order of Q. S. Lackawanna Co., discharging rule to strike off judgment in case of Commonwealth, ex rel., Mary Evans Owens, v. William J. Owens. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

112 COMMONWEALTH, ex rel., *v.* OWENS, Appellant.

Statement of Facts—Opinion of the Court. [63 Pa. Superior Ct.

Rule to strike off judgment. Before EDWARDS, P. J.

From the record it appeared that William J. Owens, by order of the Court of Quarter Sessions, on December 11, 1909, was sentenced to pay to his wife for her maintenance and support the sum of twenty dollars monthly, the first payment to be made on December 21, 1909. It appears that the defendant paid a few installments, but he has defaulted in the payments from March 21, 1910.

The order of Quarter Sessions was certified to the Court of Common Pleas, by the clerk of the Quarter Sessions, and judgment entered in the latter court for the unpaid installments, amounting to $1,000.00, with interest on the unpaid sums. The judgment was entered by præcipe of attorney, with an affidavit as to the number of payments in default, and, as stated, with a certified copy of the Quarter Sessions order as a basis for the proceeding.

Defendant claimed that the judgment in the Common Pleas is irregular and should be stricken off, because the order had not been certified to the Common Pleas by the Court of Quarter Sessions, and because the Act of 1901, did not contemplate orders involving the payment of money on installments.

*A. A. Vosburg,* with him *J. B. Jenkins,* for appellant, cited: Kiehl v. Com., 18 W. N. C. 505; Com., ex rel., v. DeBurt, 7 Pa. Superior Ct. 230; Com. v. Ruff, 3 Dist. R. 561.

*Fred A. Hughes,* with him *Geo. W. Maxey,* for appellee.

PER CURIAM, April 17, 1916:

It is not suggested that the judgment which the defendant seeks to have stricken off, is for a wrong amount; against a wrong party, or that there is any defect in the record on which it is founded. The question involved, as presented by the appellant, assumes

that the judgment which he seeks to have opened is based upon the order of maintenance made by the Quarter Sessions, which was certified to the Common Pleas of the same county, by the clerk of the court of first instance, who is the proper official to certify such orders, as the Act of 1901 does not require the certificate to be made by the court. The entry of the judgment for the specified sum showing dates and amounts of the default did the defendant no harm, and the alleged irregularity in liquidating the amount instead of entering the judgment for the penal sum stated in the sentence and recognizance could be corrected in the court below, or in this court if deemed necessary to protect the defendant's rights.

The order, discharging the rule to strike off the judgment is affirmed.