## Bomboy v. Bomboy

*James P. Bryan,* for plaintiff.

*Marsh, Spaeder, Baur, Spaeder & Schaaf,* for defendant.

EVANS, P. J., December 7, 1956.—This matter is before the court on a petition to strike off or open the judgment entered at the above term and number in the amount of $8,440.

Plaintiff on April 12, 1956, entered in the Court of Common Pleas of Erie County an order of the Court of Quarter Sessions of Erie County dated December 14, 1951, and indexed at no. 140, November sessions, 1951, under which order defendant was required to pay plaintiff the sum of $40 per week and enter into a recognizance in the sum of $300. Accompanying the certified copy of said order entered in the prothonotary's office was a praecipe of plaintiff's attorney liquidating the weekly installments as unpaid from December 14, 1951, to April 9, 1956, in the sum of $8,440. The Act of May 8, 1901, P. L. 143, 12 PS §1001, provides that an order by the court of quarter sessions

for the payment of any moneys whatsoever in any matter or thing within the jurisdiction of said court may be certified to the court of common pleas of the same county, to be entered and indexed as a judgment with like force and effect as if the same had been recovered therein as a judgment of the latter court.

We find nothing to prevent such an order being so certified and entered immediately upon its being pronounced as a sentence by the quarter sessions court. Therefore, assuming the possibility that the liquidation without affidavit of default was erroneous, it in no way effects the legality and effectiveness of the judgment as entered.

In Commonweatlh ex rel. v. Owens, 63 Pa. Superior Ct. 111, defendant sought to have stricken from the records a judgment entered on a nonsupport order because of irregularity in the liquidation as to the sum due thereon. It was there held that the court may, where necessary, protect defendant's rights, but the judgment itself should not be stricken. That protection will be given in our order to be made on the petition to open judgment.

From the depositions filed in support of the petition to open judgment it was shown that the parties were having family difficulties prior to January 2, 1951, and that there was and still is an equity suit pending to determine the ownership of the equitable interest in various parcels of real estate registered in the names of the parties as husband and wife by entireties. A final judgment in that suit entered by this court is now on appeal and should be disposed of by the appellate court within the next few months.

On January 2, 1951, attorneys for the parties entered into an agreement whereby each of the parties was to receive monthly payments of $120 out of funds received from the proceeds of sale of some of these properties, said proceeds being held in trust by the

attorneys for both parties. On or about October 22, 1951, plaintiff requested a larger sum and instituted an action for support, which resulted in the order of $40 per week hereinbefore referred· to. Thereafter from the trust fund established from the sale of jointly held real estate $160 per month was regularly paid to plaintiff until April 9, 1956, when she demanded from a particular sale one half of the proceeds before she would sign the deed. Defendant refused, and neither he nor plaintiff have received anything from the trust fund since that time. Defendant has not paid plaintiff from funds of his own anything to apply on the support order above referred to.

At the time of argument in the proceeding now before us plaintiff contended that she is entitled to the $40 per week in addition to one half of the proceeds of real estate sales of property held in joint title. Defendant contends that the property was equitably his and that the pending appeal is to establish that fact. He argues that there are no arrearages prior to April 12, 1956, and the judgment in the sum of $8,440 is therefore not owing by him.

Under these circumstances plaintiff should be restrained from proceeding under the Act of May 24, 1923, P. L. 446, 48 PS §137, which provides a method by which an order for support may be effectively enforced as against property held by the entireties. However, the lien should remain until the actual equitable ownership in the jointly held property is finally adjudicated in the appellate court. This will cause no harm to defendant for the reason that he cannot now, irrespective of that judgment, sell the property without plaintiff's joinder. He can, however, and must continue to authorize payments at $40 per week from the funds held in trust by counsel or be subject to a non omittas writ on the support order. This court will not, however, until the equity suit re-

ferred to is adjudicated, enforce the nonsupport order if plaintiff continues in her refusal to accept $40 per week from the jointly held trust funds or to unreasonably refuse to join in sales of jointly held property which assures the trust fund accumulations necessary to make the payments possible.

And now, to wit, December 7, 1956, the petition to strike judgment from the record is refused; the petition to open judgment is granted, lien of levy, however, to remain.