## Commonwealth v. Reed

*Daniel F. Martini*, for plaintiff.
*Michael Kivko*, for defendant.

FORTNEY, P. J., August 29, 1958. — Plaintiff on September 20, 1955, caused a judgment to be entered in the court of common pleas against defendant in the sum of $4,782 to the above number and term. Defendant on May 14, 1956, filed two petitions, the first, to strike, and the second, to open the judgment. Plaintiff on August 20, 1956, filed separate answers to each petition.

The matter is presently before the court only on the petition to strike the judgment.

The pleadings disclose our court of quarter sessions, under date of February 23, 1924, ordered defendant to pay to plaintiff, who was then his wife, the sum of

$6 per week for her support. This order on January 24, 1939, was amended, and defendant was directed to pay to his wife for her support the sum of $25 per month.

The Act of May 8, 1901, P. L. 143, 12 PS §1001, provides that an order by the court of quarter sessions for the payment of any moneys whatsoever in any matter or thing within the jurisdiction of said court may be certified to the court of common pleas of the same county, to be entered and indexed as a judgment, with like force and effect as if the same had been recovered therein as a judgment of the latter court.

Plaintiff on September 20, 1955, without filing an affidavit of default, entered into our court of common pleas a certified copy of this order of support. Accompanying the certified copy of the said order, and entered in the prothonotary's office, was a præcipe of plaintiff's attorney directing the prothonotary to enter judgment in favor of plaintiff in the amount of $4,782.

Defendant in support of his petition to strike the judgment avers it was improperly entered for three reasons, which we will discuss seriatim: (1) No affidavit was attached to the præcipe in support of the amount alleged to be due. In discussing the act under which the present judgment was entered, the court in Commonwealth, to use v. Schiff, 52 D. & C. 515, 518, said: "The record reveals that the clerk of quarter sessions not only certified a copy of the sentence of the court of quarter sessions but also certified the exact amount of arrearages as disclosed by the records of the probation officer. Clearly, no affidavit of default is necessary."

In the instant case, the certification of the order did not show the amount actually in arrears, and it might have been better practice had plaintiff done so. We agree with the conclusion in the learned opinion of Evans, P. J., in Bomboy v. Bomboy, 10 D. & C. 2d

407, 408, where it is said: "We find nothing to prevent such an order being so certified and entered immediately upon its being pronounced as a sentence by the quarter sessions court. Therefore, assuming the possibility that the liquidation without affidavit of default was erroneous, it in no way affects the legality and effectiveness of the judgment as entered."

In Commonwealth ex rel. v. Owens, 63 Pa. Superior Ct. 111, defendants sought to have stricken from the record a judgment entered on a nonsupport order because of irregularity in the liquidation as to the sum due thereon. It was there held that the court may, where necessary, protect defendant's rights, but the judgment itself should not be stricken. In the instant case, there is a petition by defendant to open this judgment. Whatever rights defendant may have will be protected in that proceeding.

In his second reason to strike the judgment, defendant avers there was no certified copy of the record and order of the court of quarter sessions attached to the præcipe or filed in the court of common pleas. An examination of this record discloses the clerk of the court of quarter sessions certified under the official seal the order of support, as well as all proceedings had thereon. This, we think, is sufficient. The Act of 1901, supra, does not require the court of quarter sessions, or a judge thereof, to certify a copy of its order or sentence to the court of common pleas. The clerk is the proper officer to make such certification: Beck v. Finnefrock (No. 2), 72 Pa. Superior Ct. 544, 547; Commonwealth ex rel. v. Owens, supra.

Finally, defendant contends plaintiff is barred from entering the judgment because of laches and the statute of limitations. An order of a court of quarter sessions for support and maintenance is a debt of record and the statute of limitations is not applicable

to it: 2 Standard Pa. Practice 159, §90; Daniels' Estate, 4 Somerset 261. In Commonwealth ex rel. v. Karn, 91 Pitts. L. J. 63, the defense of laches and the statute of limitations was raised in a similar case. It was there held that neither defense is available in proceedings of this nature. See also Henry's Estate, 28 Pa. Superior Ct. 541.

Under the circumstances, we make the following:

*Order*

And now, August 29, 1958, the rule heretofore issued to show cause why the judgment should not be stricken is discharged. The petition to strike the judgment is dismissed.

Exception noted for defendant.